Filed 12/13/23  P. v. Huezo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN CARLOS HUEZO,<br><br>    Defendant and Appellant. | B324331<br><br>(Los Angeles County Super. Ct. No. LA062282) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

The trial court sentenced defendant Juan Huezo to life imprisonment without the possibility of parole (LWOP) for first degree special circumstances murder, a crime he committed when he was 22 years old.  Years later, the court denied defendant's motion for a youth offender parole hearing pursuant to Penal Code section 3051.[1]  On appeal, defendant contends that section 3051, subdivision (h), which excludes defendants who were 18- to 25-years old at the time of their crimes and sentenced to LWOP from eligibility for a youth parole hearing, denies him equal protection of the laws.  We affirm.

# II. PROCEDURAL HISTORY

In 2010, a jury found defendant guilty of the first degree murder (§ 187, subd. (a)) of Filemon Cortez and found true the allegation that he personally used a dangerous and deadly weapon in the commission of the murder (§ 12022, subd. (b)(1)) and the special circumstance allegation that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)).  The trial court sentenced defendant to LWOP.

On August 8, 2022, defendant submitted a motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).  He acknowledged appellate court authority holding that the exclusion of 18- to 25-year old defendants sentenced to LWOP from eligibility for such hearings does not violate a right to equal protection under the laws, but sought to preserve his equal protection claim for further review.

---

[1]     Further statutory references are to the Penal Code.

2

On August 19, 2022, the trial court denied defendant's motion, finding that defendant was statutorily ineligible for a youth offender parole hearing because of his age at the time of his offense and his LWOP sentence.

Defendant timely filed a notice of appeal.

## III. DISCUSSION

### A. *Youth Offender Parole Hearings*

Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a defendant's incarceration if the defendant was 25 years or younger at the time of the "controlling offense," that is, "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subds. (a)(2)(B), (b)(1)–(3).) "A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration." (§ 3051, subd. (b)(3).) Several categories of offenders, however, are excluded from eligibility pursuant to section 3051, subdivision (h), including offenders, such as defendant, who were "sentenced to [LWOP] for a controlling offense that was committed after the person had attained 18 years of age."

Our Supreme Court has held that offenders who are eligible for youth offender parole hearings are entitled to a so-called *Franklin* hearing "to provide an opportunity for the parties to make an accurate record of the juvenile [or youth] offender's

3

characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors [at a hearing held pursuant to section 3051]." (*Franklin, supra*, 63 Cal.4th at p. 284.)

B.    *Equal Protection*

Defendant's sole contention on appeal is that section 3051's exclusion of defendants who were 18- to 25-year olds at the time of their offense and sentenced to LWOP violates the equal protection clause of the United States and California constitutions.  According to defendant, youth offenders who are convicted of special circumstance murder and sentenced to LWOP are similarly situated to parole-eligible youth offenders convicted of first degree murder and sentenced to a determinate term, and there is no rational basis for distinguishing between the two groups.  He therefore contends that he was entitled to a *Franklin* hearing.

As defendant acknowledges, there is a split in authority regarding the merits of his argument, with all but one published case holding that section 3051 does not violate equal protection under the law by excluding youth offenders sentenced to LWOP from eligibility for youth offender parole hearings.  (Compare *People v. Hardin* (2022) 85 Cal.App.5th 273, 287–288, review granted Jan. 11, 2023, S277487, with *People v. Sands* (2021) 70 Cal.App.5th 193, 204–205*; People v. Morales* (2021) 67 Cal.App.5th 326, 347–349; *People v. Ngo* (2023) 89 Cal.App.5th 116, 127, review granted May 17, 2023, S279458.)  Our Supreme Court will ultimately decide the issue before us.  Until then, we

4

follow this court's determination in *In re Williams* (2020) 57 Cal.App.5th 427 that section 3051's exclusion of 18- to 25- year old offenders who have been sentenced to LWOP from youth offender parole hearings does not violate equal protection principles. As the panel in that case explained: "The Legislature has prescribed an LWOP sentence for only a small number of crimes. These are the crimes the Legislature deems so morally depraved and so injurious as to warrant a sentence that carries no hope of release for the criminal and no threat of recidivism for society. In excluding LWOP inmates from youth offender parole hearings, the Legislature reasonably could have decided that youthful offenders who have committed such crimes—even with diminished culpability and increased potential for rehabilitation—are nonetheless still sufficiently culpable and sufficiently dangerous to justify lifetime incarceration." (*Id.* at p. 436.) Accordingly, the trial court did not err when it denied defendant's motion for a *Franklin* hearing.

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



RUBIN, P. J.



BAKER, J.